IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-00440-01-CR-W-DW |
| | ) | |
| RONALD F. WHITE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE**

      Comes now the defendant, Ronald F. White, Jr., by and through counsel, Anita L. Burns, Assistant Federal Public Defender, and respectfully moves this Court for an order prohibiting the government from mentioning or introducing through testimony or information that defendant is a person of interest in a series of homicides that occurred during early to middle 2013 in Kansas City, Missouri and a person of interest in a home invasion robbery that occurred in Grandview, Missouri. The grounds for defendant's motion are as follows:

      1.    Defendant was charged by Indictment with one count of possession of an unregistered firearm in violation of 26 U.S.C. §§5841, 581(d) and 5871 and with one count of felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). On June 9, 2014, Count II was dismissed.

      2.    Defendant has been advised through discovery that he is a person of interest in a series of homicides that occurred during early to middle 2013 in Kansas City, Missouri that were suspected to be related to ongoing gang violence. Defendant is also a person of interest in a home invasion robbery that occurred in Grandview, Missouri. Defendant has not been charged with any offenses involving these incidents.

      3.    Such testimony and evidence would be irrelevant and immaterial to defendant's

case. Testimony and evidence concerning an allegation that defendant is a suspect in a series of homicides and a home invasion robbery is inadmissible under Federal Rules of Evidence 401 and 402.

4. Such testimony and evidence, even if determined to be relevant, is inadmissible under Federal Rule of Evidence 403 as any probative value is substantially outweighed by the danger of unfair prejudice in that it is propensity evidence which would be used to prove the character of defendant and to show action in conformity therewith. The risk that the jury will convict the defendant because they believe he is a homicide and robbery suspect or because a bad person deserves punishment is so prejudicial that it outweighs any relevance. *See* United States v. Lightfoot, 483 F.3d 876, 881-82 (8th Cir. 2007) (any probative value of questioning co-conspirator about unrelated, uncharged, unresolved homicide was outweighed by potential for undue prejudice and jury confusion).

5. Evidence that defendant is a suspect in a series of homicides and in a home invasion robbery is not admissible under Federal Rule of Evidence 404(b) in that it is propensity evidence which would be used to prove the character of the defendant and to show action in conformity therewith.

6. Any ordinary objection made by defendant during the course of trial to the presentation of such testimony, even if sustained with proper instructions to the jury, could not remove the prejudicial effect of such evidence and testimony once it had been presented to the jury.

WHEREFORE, defendant respectfully requests this Court enter an order in limine prohibiting the government from mentioning or introducing testimony or evidence that defendant is a suspect in a series of homicides in Kansas City, Missouri and a suspect in a home invasion robbery in Grandview, Missouri.

Respectfully submitted,

 /s/ Anita L. Burns
ANITA L. BURNS
Assistant Federal Public Defender
818 Grand, Suite 300
Kansas City, MO 64106
(816) 471-8282
ATTORNEY FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

In accordance with Rule 49(a), (b) and (d), Fed. R. Crim. P., and Rule 5(b), Fed. R. Civ. P., it is hereby CERTIFIED that one copy of the foregoing motion was electronically filed and emailed to Joseph Marquez, Assistant United States Attorney, 400 E. 9th St., 5th Floor, Kansas City, Missouri 64106, this 12th day of June, 2014.

 /s/ Anita L. Burns
Anita L. Burns