IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-00440-01-CR-W-DW |
| | ) | |
| RONALD F. WHITE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S AMENDED REQUESTED JURY INSTRUCTIONS

COMES NOW the Defendant, Ronald F. White, Jr., by counsel, Anita L. Burns, Assistant Federal Public Defender, Western District of Missouri, pursuant to Fed. R. Crim. P. 30, and requests the court to provide the following instructions to the jury.

Respectfully submitted,

/s/ Anita L. Burns
Anita L. Burns
Assistant Federal Public Defender
818 Grand Avenue, Suite 300
Kansas City, MO 64106
(816) 471-8282
Counsel for Defendant

## CERTIFICATE OF SERVICE

It is hereby CERTIFIED that this document was electronically filed on this 15th of July, 2014, and that a copy was sent via e-mail to Joseph Marquez, Assistant United States Attorney, pursuant to the Electronic Case Filing System.

/s/ Anita L. Burns
Anita L. Burns

# INSTRUCTION NO. \_\_\_\_\_

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

SOURCE: Eighth Circuit Jury Instruction No. 1.05

Defendant's Instruction No. \_\_\_

Court's Instruction No. \_\_\_

# INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

SOURCE: Eighth Circuit Jury Instruction No. 3.04

Defendant's Instruction No. ___

Court's Instruction No. ___

# INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

SOURCE: Eighth Circuit Jury Instruction No. 3.04

Defendant's Instruction No. ___

Court's Instruction No. ___

**INSTRUCTION NO. _____**

The Indictment in this case charges the defendant with possession of an unregistered firearm. The defendant has pleaded not guilty to that charge.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The Indictment is not evidence. You must presume the defendant to be innocent at this stage in the proceedings. Thus, the trial of the defendant begins with a clean slate with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each element of the crime charged.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial. Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

SOURCE: Eighth Circuit Jury Instruction No. 3.05

Defendant's Instruction No. ___

Court's Instruction No. ___

## INSTRUCTION NO. _____

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

SOURCE: Eighth Circuit Jury Instruction No. 3.11

Defendant's Instruction No. ___

Court's Instruction No. ___

# INSTRUCTION NO. _____

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion. Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

SOURCE: Eighth Circuit Jury Instruction No. 4.10

Defendant's Instruction No. ___

Court's Instruction No. ___

# INSTRUCTION NO. _____

The crime of possession of a stolen firearm, a Romarm/Cugir, Model Draco-C, 7.62x39 caliber semiautomatic handgun, serial number 1971DH03335, as charged in Count Two of the Superseding Indictment, has three essential elements, which are:

*One*, on or about October 31, 2013, the defendant knowingly possessed a firearm, that is a Romarm/Cugir, Model Draco-C, 7.62x39 caliber semiautomatic handgun, serial number 1971DH03335, a stolen firearm;

*Two*, the firearm was transported across a state line at some time before or after being stolen; and

*Three*, the defendant knew or had reasonable cause to believe that the firearm had been stolen.

For you to find the defendant guilty of the crime charged, the government put prove all of the essential elements of that crime beyond a reasonable doubt; otherwise, you must find the defendant not guilty of the crime charged.

SOURCE: Fourth Circuit Jury Instruction No. 6.18.922J (Modified)

Defendant's Instruction No. ___

Court's Instruction No. ___

# INSTRUCTION NO. _____

The crime of possession of an unregistered firearm as charged in Count One of the Indictment has five elements, which are:

*One,* on or about October 31, 2013, the defendant knowingly possessed a firearm, a Street Sweeper, Model Street Sweeper, 12 gauge shotgun, serial number SH12277;

*Two,* the firearm was a shotgun having a barrel which has a bore of more than one-half inch in diameter;

*Three,* the defendant knew of the characteristics of the firearm, that is it had a barrel which has a bore of more than one-half inch in diameter;

*Four,* the firearm was in operating condition; and

*Five,* the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

For you to find the defendant guilty of possession of an unregistered firearm, the Government must prove all of these elements beyond a reasonable doubt; otherwise, you must find the defendant not guilty.

SOURCE: Third Circuit Jury Instruction No. 6.26.5861 (2009)

Defendant's Instruction No. \_\_\_

Court's Instruction No. \_\_\_

# INSTRUCTION NO. _____

The crime of possession of an unregistered firearm, a Street Sweeper, Model Street Sweeper, 12 gauge shotgun, serial number SH12277 as charged in Count One of the Superseding Indictment has four elements, which are:

*One,* on or about October 31, 2013, the defendant knowingly possessed a firearm, a Street Sweeper, Model Street Sweeper, 12 gauge shotgun, serial number SH12277;

*Two,* the firearm was a shotgun having a barrel which has a bore of more than one-half inch in diameter;

*Three,* the firearm was capable of operating as designed; and

*Four,* the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

For you to find the defendant guilty of possession of an unregistered firearm, the Government must prove all of these elements beyond a reasonable doubt; otherwise, you must find the defendant not guilty.

SOURCE: Eighth Circuit Jury Instruction No. 6.26.5861

Defendant's Instruction No. \_\_\_

Court's Instruction No. \_\_\_