**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-0440-01-CR-W-SRB |
| | ) |
| RONALD F. WHITE, JR., | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the Court is defendant Ronald F. White Jr.'s Motion to Dismiss the Second Superseding Indictment which he filed on September 7, 2017 (doc. 110). The Government has filed suggestions in opposition (doc. 111) and Defendant reply suggestions in support of the motion (doc. 120).

In the Second Superseding Indictment which was filed in this case on September 20, 2017, defendant Ronald F. White is charged with possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). (Doc. 116). The Second Superseding Indictment states that defendant Ronald F. White "knowingly received and possessed a firearm not registered to him in the National Firearms Registration and Transfer Record, that is, a Street Sweeper 12 gauge shotgun, …, that will or which may be readily converted to expel projectile by the action of an explosive or other propellant, the barrel of which has a bore of more than one-half inch diameter and which the Attorney General and Secretary of the Treasury have found and determined is not generally recognized as a shotgun particularly suitable for sporting purpose because the weight, size, bulk, designed magazine capacity, configuration, and other factors indicate the Street Sweeper is a military-type shotgun, and is not a shotgun particularly suitable for hunting, skeet and trap shooting, and other similar purposes."

Defendant's motion to dismiss the Second Superseding Indictment challenges the constitutionality of 26 U.S.C. § 5861(d) under which he is charged with possession of an unregistered firearm. 26 U.S.C. § 5861(d) is a statute within the National Firearms Act.

**Background**

The National Firearms Act, 26 U.S.C. § 5801, et seq., establishes a statutory frame work to ensure that manufacturers, importers, and dealers of firearms pay a tax upon and properly register all firearms prior to transfer. See United States v. Lim, 444 F.3d 910, 912 (7th Cir. 2006). Section 5861 of the Act sets forth prohibited acts under the Act. Specifically, section 5861(d), which Defendant challenges as unconstitutional, provides that "[i]t shall be unlawful for any person to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record." What firearms are included under the National Firearms Act is set forth in section 5845(a) of the Act. This section specifically includes, as relevant here, any "destructive device" to be included under the Act. The definition of a "destructive device" is within section 5845(f)(2) of the Act and states that "any type of weapon … which may be readily converted to expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes," are held to be destructive devices. ATF Rul. 94-2 specifically held that the Striker-12/Streetsweeper shotgun, that Defendant is charged with possessing in this case, is a destructive device as the term is used in 26 U.S.C. § 5845(f)(2). Thus, the Street Sweeper, which Defendant is alleged to have possessed, must be registered as required by section 5861(d) of the National Firearms Act.

**Constitutionality of 26 U.S.C. 5861(d)**

**Taxing Power**

Defendant contends that section 5861(d) of the National Firearms Act is unconstitutional because it is not a valid use of the taxing power of Congress. Defendant asserts that because the purpose of section 5861(d) is not to tax but instead is to prohibit the possession of certain firearms, it is outside the valid use of the taxing power of Congress.

The Supreme Court has rejected the notion that the regulatory character of tax legislation renders the legislation an invalid exercise of the taxing power granted to Congress by Article I, § 8, cl. 1. See Sonzinsky v. United States, 300 U.S. 506 (1937). An act of Congress which on its face purports to be an exercise of the taxing power is not any less so because it tends to restrict or suppress the thing taxed. United States v. Lim, 444 F.3d 910, 912-913 (7th Cir. 2006) (citing

Sonzinsky v. United States, 300 U.S. at 513). On this basis, Courts have tolerated companion provisions that are overtly regulatory so long as they have a plausible nexus to taxation. Id. at 913. Section 5861(d) is one of those companion provisions. Courts have determined that taken in context with the rest of the National Firearms Act, section 5861(d) can reasonably be construed as part of the web of regulation aiding enforcement of the transfer tax provision set forth in section 5811 of the National Firearms Act. Id. (citing United States v. Gresham, 118 F.3d 258, 262 (5th Cir. 1997)).

Defendant's assertion that the government no longer collects taxes on the firearms regulated under 26 U.S.C. § 5861(d), specifically in this case the Street Sweeper, and therefore, the statute is not within Congress's power to tax is not persuasive. Though the ATF chooses not to allow tax payments or registration of Street Sweepers,[1] it still has the authority to do so. Thus, the basis for the ATF's authority to regulate-the taxing power-still exits; it is merely not exercised. See United States v. Grier, 354 F.3d 210, 215 (3rd Cir. 2003) (citing United States v. Ardoin, 19 F.3d 177, 180 (5th Cir. 1994) (finding that although ATF chooses not to allow tax payments or registration of machine guns it still has the authority to do so and thus retains the authority to regulate under Congress's taxing power)). Moreover, the Supreme Court has stated that "[a] statute does not cease to be a valid tax measure … because the revenue obtained is negligible, or because the activity is otherwise illegal." Id. (citing Minor v. United States, 396 U.S. 87, 98, n. 13 (1969)).

Based on the foregoing, Defendant's argument that section 5861(d) exceeds Congress's power to tax is without merit. The National Firearms Act, specifically section 5861(d), remains a proper exercise of the congressional taxing power under the Constitution.

**Due Process**

Defendant contends that it was impossible for him to register the firearm under the National Firearms Act regulations, and therefore, his constitutional due process rights were violated when he was charged with possession of an unregistered firearm. This argument has been rejected by the Eighth Circuit and other circuits. Although the transferee is not responsible for registering a firearm under the National Firearms Act, and in fact in this case is unable to do so under the Act, the Act imposes on the transferee the affirmative duty to ensure the weapon is properly registered before taking possession of it. See United States v. Lim, 444 F.3d at 913.

---

[1] See ATF-Ruling 2001-1 (Feb. 2, 2001) discussing taxation of Street Sweepers.

The fact that the Street Sweeper shotgun is now prohibited from registration (see ATF ruling 2001-1)[2] and persons in possession of the an unregistered NFA firearm are subject to applicable penalties under 26 U.S.C. 5861(d), does not make it impossible for defendant to comply with section 5861(d) requiring registration. Defendant can comply with the statute by simply refusing to possess a Street Sweeper. See United States v. Elliott, 128 F.3d 671, 672 (8th Cir. 1997) (discussing the Circuit's agreement with the Fourth, Fifth, Seventh, Ninth and Eleventh Circuits finding that section 5861(d) requiring registration of a machine gun, and section 922(o)(i) prohibiting possession of a machine gun, can both be complied with by simply refusing to possess a machine gun).

Defendant's cite to United States v. Dalton, 960 F.2d 121 (10th Cir. 1992), which overturned a conviction on impossibility grounds, is not persuasive. The Eighth Circuit has specifically rejected the holding of the Dalton case, stating that United States v. Elliott, 128 F.3d 671, is the settled law in the Eighth Circuit. See United States v. Walker, 428 F.3d 1165, 1172 (8th Cir. 2005)("Elliott is settled law in our circuit …." Even if firearm cannot be registered an individual can still comply with the law by not taking possession of it.).

Defendant's argument that section 5861(d) is unconstitutional because it criminalizes an act that is impossible to perform is without merit.

**Second Amendment**

Defendant contends that the case of District of Columbia v. Heller, 554 U.S. 570 (2008), supports that section 5861(d) violated his Second Amendment rights. That is, defendant argues that the federal government cannot prevent the possession of a certain firearm by making its registration impossible, without violating the Second Amendment.

The Court finds this argument to be unpersuasive, as the Court does not believe that the Heller case stands for the proposition that section 5861(d) is unconstitutional. The holdings of the Heller court which determined registration requirements resulting in an absolute ban on any operable handgun possession in the home violated the Second Amendment are not comparable to those at issue in this case with regard to a Street Sweeper shotgun. Here the Street Sweeper shotgun that Defendant possessed is nothing like a handgun subject to regulations in Heller.

---

[2] ATF Ruling 2001-1 (February 2, 2001) held that "the registration period for the USAS-12, Striker-12, and Streetsweeper shotguns will close on May 1, 2001. No further registrations will be accepted after that date. Persons in possession of unregistered NFA firearms are subject to all applicable penalties under 26 U.S.C. Chapter 53."

A Street Sweeper is not a traditional shotgun, rifle or long gun that is used for hunting or traditional sporting activities. The ATF has specifically determined that a Street Sweeper is a destructive device under section 5861(d) based on its characteristics of having a bore more than one-half in diameter and its lack of use in sporting. See ATF Rul. 94-2 . The ATF ruling cites to the physical characteristics of the Street Sweeper that make it not particularly suitable for sporting purposes including, its weight, bulk, designed magazine capacity, configuration and other features which indicate that it is designed for military and law enforcement use. Noted physical characteristics include the spring driven revolving magazine with 12 cartridge capacity, and folding shoulder stock and the two pistol grips all of which are not typical of sporting-type shotguns. A Street Sweeper is not anything similar to the handgun which the Heller court confirmed is protected under the Second Amendment. Rather, the Street Sweeper is both a "dangerous and usual weapon" and well within the "historical tradition of prohibiting the carrying of dangerous and usual weapons." Heller, 554 U.S. at 627. The Second Amendment does not protect Defendant from being prosecuted for possession of the firearm (Street Sweeper) he is charged with failing to register.

## Conclusion

For the reasons set forth above, the Court does not find merit to the request of defendant Ronald F. White to dismiss the Second Superseding Indictment because 26 U.S.C. § 5861 is unconstitutional.

IT IS THEREFORE RECOMMENDED that defendant Ronald F. White's motion to dismiss the Indictment be denied. (Doc. 110).

Counsel are reminded that they have fourteen days from the date of this Report and Recommendation within which to file and serve objections. A failure to file and serve exceptions by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 13th day of October, 2017, in Kansas City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge